UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Eric Rogers
                    Plaintiff,

        V

Superintendent. D. Artus
Sergeant J. Kruger
Officer A. Blanar
Officer J. Myers
Officer T. McCann
Officer G. Barlow
Officer Bobo
Officer Michienzi
Nurse R. Mckinay
                    Defendants,

COMPLAINT
Civil Action No.____
Jury Trial Demanded
13CV0021 M



UNITED STATES DISTRICT COURT
FILED
JAN 9 2013
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights guaranteed by the First, Eighth, and Fourteenth Amendments to the Constitution of the United States. the Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3).

2. The WESTERN DISTRICT of New York is an

appropiate Venue under 28 u.s.c. Section 1391(b)(2) because it is where the events giving rise to this Claim occurred.

## II. PLAINTIFF

3. Plaintiff Eric Rogers was Confined in the Wende Correctional Facility, 3040 Wende Road P.O. Box 1187, Alden New York 14004 in the State of New York from August 8th, 2011 to may 11th, 2012. Plaintiff is Currently Confined at SouthPort Correctional Facility, 236 Bob Masia Drive P.O. Box 2000, Pine City New York 14871.

## III. DEFENDANTS

4. Defendant, Dale Artus is the Superintendant of Wende Correctional Facility. He is legally responisble For Wende Correctional Facility and For the welfare of all the Prisoners in that Prison.

5. Defendant, Jonathan Kruger Was at all relevant times herein a sergeant of the New York Department of Corrections and Community supervision at Wende Correctional Facility.

6. Defendant, Terrence C. mc Cann Was at all relevant times herein a Correction officer of the New York Department of

Corrections and Community Supervision at Wende Correctional Facility.

7. Defendant, James R. Myers was at all relevant times herein a Correction Officer of the New York Department of Corrections and Community Supervision at Wende Correctional Facility.

8. Defendant, Adam R. Blanar was at all relevant times herein a Correction Officer of the New York Department of Corrections and Community Supervision at Wende Correctional Facility.

9. Defendant, Gloria L. Barlow was at all relevant times herein a Correction Officer of the New York Department of Corrections and Community Supervision at Wende Correctional Facility.

10. Defendant, ____ Bobo was at all relevant times herein a Correction Officer of the New York Department of Corrections and Community Supervision at Wende Correctional Facility.

11. Defendant, ____ Michienzi was at all relevant times herein a Correction Officer of the New York Department of Corrections and Community Supervision at Wende Correctional Facility.

12. Defendant, Rich Mckinay was at all relevant times herein a nurse of the New York Department of Corrections and Community Supervision at Wende Correctional Facility.

13. Each defendant is sued in individual Capacity. At all Times mentioned in this Complaint each defendant acted under the color of state law.

IV. PREVIOUS LAWSUIT by PLAINTIFF

14. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Plaintiff has used the Prisoner Grievance Procedures available at Wende Correctional Facility. Plaintiff filed grievances and presented the facts relating to his Complaints and appealed to Central office Review Committee.

VI. FACTS

16. On March 19, 2012 I wrote Superintendant Artus a letter Concerning Officers abusing their authority and harassing me. (see, Exhibit C)

17. On thursday march 22, 2012 at around 3pm I was called in from D-Block yard. As I waited to enter D-Block. I seen Defendants Kruger, Blanar, and McCann inside D-Block. Once defendant McCann opened gate he told me "to empty my pockets". Defendant Blanar called me over to him and told me to "put my hands on Red box" that holds a fire hose.

18. I was pat frisked by defendant Blanar. After I was told to put my hands by my side and turn around as I did so defendant McCann was on my left side and defendant Blanar was on my right side. Defendant Kruger got up from around the desk and jumped in my face poking his finger into my chest he asked me "what is your fucking problem putting me in your grievance"?

19. He continued "I didn't take your fucking Television. I wasn't even here that was sergeant Johnson. He thought I wrote a grievance concerning a Block search for illegal Televisions that happened on march 10, 2012.

20. As I was explaining to defendant Kruger that my complaint was in reference to incident that transpired after he came to investigate a previous grievance on march 19, 2012 for officer pettis denying me dinner and recreation. Officer McCann punched me in the

Face and defendant kruger grabbed me like in a bear hug and told defendant McCann "No, No, back up".

20. Defendant Kruger asked me "Rogers are you o.k.?" I touched my face where defendant McCann punched me and defendant kruger said "your o.k. just relax by this time both officers had there Batons out. He asked me "If I had Copy of grievance in my cell", I said "yes". He then asked me who was the social worker I had Call the Facility, I told him a family Friend.

22. He told me to go lock into my Cell. After recreation Came in, he Came to my Cell to read grievance and letter to superintendant I wrote Concerning officers taking my Television. Defendant Kruger said he apologized "for Defendant McCann punching me, that hes a little hot headed at times . . . he would Find my Television or get one for me until my Television was recoverd".

23. On thursday, march 22, 2012 at approximately 7pm while Coming back into D-Block from Commissary I was poked in the stomach by defendant McCann Causing me to lose my balance leaning foward. I was Continuously hit until I was on the ground.

24. Upon information and belief I was handcuffed on the ground with defendant Barlow on my back while defendants McCann, Myers, Blanar, and Kruger were beating me over the head, back, and legs with Batons, boots, and fists. (see, Exhibit A)

25. As more officers arrived into D-Block I was being hit more and more until defendant Kruger told officers to stand me up. The defendant Kruger said to me "you son of a bitch I'm going to send you to the Hospital" and punched me several times until I slumped over from his punches.

26. I was taken to Facility Clinic and placed in a room reserved for keeplock status Prisoners. There I was assaulted by several unknown officers as well as by defendant kruger and defendant McCann. I recognized defendants Bobo and michienzi in room during assaults, but I'm not sure if they participated in the beatings. I know they did nothing to intervene and stop beatings.

27. Upon information and belief when I was finally brought into examination room and sat on examining Table defendant McKinay told me to let him know when head injury hurt he started pressing down on injury. I told him it hurt. He kept pressing down even harder. Defendant Michienzi was holding my handcuffed hands behind my back pulling them up until I was leaning over my knees another officer in room attempted to knee me in the face.

28. I was beat in Examination Room and when I was placed back in room reserved for keeplock Prisoners. Defendant Kruger told me "If I hear you tell any body from Erie County Medical Center what happened I'll be waiting For you when you get back." (see, Exhibit A).

29. Defendant Kruger Fabricated misbehavior Report with malice alleging I assaulted defendants in an attempt to cover up defendants misconduct of unprovoked beating I took by them for Filing grievances. (see, Exhibit B)

30. I suffered head injury which I was given seven staples. Right and left shoulder injuries with abrasions, back injuries with abrasions, right knee swollen with abrasion. Right and left wrists both swollen. migraines, headaches with pain from head to shoulder on leftside and dizziness.

31. I was criminally charged for assault in the 2nd Degree in this matter. Charges were dismissed by the Erie County Grand Jury on October 12, 2012. (See, Exhibit D).

32. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the relief which Plaintiff seeks.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enters judgement granting plaintiff:

33. Compensatory damages in the amount of $100,000 agianst each defendant.

34. Punitive damages in the amount of $50,000 agianst each defendant.

35. If Court deems misbehavior Report to be in retaliation for grievances filed, that I be released from special Housing unit, Tier III hearing be expunged off record, and $150.00 in damages for each day spent in S.H.U. and loss of wages.

36. Plamtiffs Cost in this Suit.

37. Any additional relief this Court deems just, proper, and equitable.

Dated: _Eric Rogers, December 28, 2012_
        Respectfully Submitted,

                                    Eric Rogers #94A5053
                                    SouthPort Correctional Facility
                                    Pine City, New York 14871

# VERIFICATION

STATE OF NEW YORK   )

                         )ss:

COUNTY OF CHEMUNG)


    I, _Eric Rogers_____, being duly sworn, deposes and says:

    I am the Petitioner in this action. I have read, and I am familiar with, the contents of the

foregoing  _Complaint_____

_____

and the content thereof is true to my own knowledge, except as to matters therein stated on

information and belief and as to those matters I believe them to be true.


Dated: _January 2, 2013_____


                               Respectfully Submitted,

                               _Eric Rogers_

                               ERIC Rogers #94A5053
                               Southport Correctional Facility
                               236 Bob Masia Dr., P.O. Box 2000
                               Pine City, N.Y. 14871-2000


Sworn to and subscribed before me this

_2nd_ day of _January_, 20_13_

_Robert_____

           Notary Public

ROBERT T. ABRAMS
Notary Public, State of New York
Qual. in Chemung Co., No. 01AB6114504
Commission Expires August 10, 20__

WDE-36274-12

CO Denies
c Chow
rec.
abuses authority

To: I.G.R.C.
From: Eric Rogers #94A5053 (D-22-13)

On this Date march 14, 2013 Officer Pettis Was Working 3-11 Shift on 22 Company. While taking Go-round List I requested Dinner and recreation from this officer and was denied. I heard this officer coming from back of Company saying Cell #'s Saying your dead and he Continued down the Company past my cell saying same thing. when officer Pettis walked again during count I requested to be put down for Dinner and recreation List again and he Shook his head no. I then requested to speak to a Sergeant and got no response.

Action Requested: this officer denied me Food and recreation For no reason and I have no Food in my cell. this officer is abusing his Authority and should be reprimanded and fired from his Job or post on Companies.

Signed,

Eric Rogers

| STATE OF NEW YORK | Grievance No. #WDE-36274-12 | Date 3/15/12 |
|---|---|---|
| DEPARTMENT OF | Facility **Wende** | Policy Designation **Institutional** |
| CORRECTIONS AND COMMUNITY SUPERVISION | Title of Grievance **CO Abuses authority, denies rec & chow** | Class Code **#49** |
| INMATE GRIEVANCE PROGRAM SUPERINTENDENT | Superintendent's Signature *Dale Artin* | Date 3/20/12 |

| Grievant ~~ROGERS, E.~~ IRVINE, J. WILLIAMS, R. | DIN ~~07A5053~~ 11B1125 02A5424 | Housing Unit MAR 26 2012  D-22-13 D-22-14 D-22-12 |

This grievance has been investigated by a Sergeant and includes an interview with the grievants and a written response from the officer named in the complaint.

During the interview, the grievants stated that they had nothing further to add to their written grievance. The grievants provided no witnesses.

The officer states that the inmates never requested to see a Sergeant. He states that he never denied the inmates dinner chow or recreation.

The Sergeant states that the inmates could not supply any supporting documentation to their claims. The Sergeant could find no proof, evidence, witnesses or documentation to substantiate this grievance. The Reviewer of this grievance feels it should be denied.

The evidence provided to this Reviewer does not substantiate a grievance of harassment against staff.

An officer performing his duty in the prescribed manner should not be construed as harassment.

*3/26/12*

### APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

_____

_____

_____

_____          _____
Grievant's Signature                              Date

_____          _____
Grievance Clerk's Signature                       Date

**WENDE CORRECTIONAL FACILITY**
**INMATE GRIEVANCE PROGRAM**

TO:            E. Rogers – 94A5053 – G/42/12

FROM:          D. Northrup – IGPS

DATE:          April 16, 2012

SUBJECT:       Grievance WDE-36374-12

---

In regards to your memo dated 4/15/12 regarding the above grievance:

WDE-36274-12 – answered by the Supt. 3/20/12 –Appealed to CORC on 3/29/12.

Thank you.

06342-12



march 19, 2012

TO: I.G.R.C

FROM: ERIC ROGERS #9445053 (D-22-13)

Re: <u>Staff Abuse</u>

Before Dinner on march 19, 2012 I was interviewed by
Sergeant kruger pertaining to Grievance I Filed agianst
C.O. Pettis Denying me Dinner and recreation. When I came
back From Dinner C.O. Numar told me he took my Television
because It was allegedly contraband serial numbers didn't
match alleged numbers I had on File in Package Room. on
march 10th they did a Block search matching Television
serial #'s to individual Tv's and if mine didn't match
they would have taken it then. I went into my cell and
got my permit Showed it to him and told him to match
serial #'s and he refused to do so. I then asked to
speak to Block sergeant and this was Denied to me. I was
also denied recreation as well. ~~this this~~ this is in retaliation
for my Previous and now the corrections officers in D-Block
are abusing there Authority and taking my Television under
False pretenses.

MAR 2 8 2012

Action Requested: that officers Stop Harrassing me and abusing
there Authority. that I be given back my Television or
compensated For the Loss of my Television.

Signed,
Eric Rogers

CC/File

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES INMATE GRIEVANCE PROGRAM **SUPERINTENDENT APPEAL** | **GRIEVANCE NUMBER:** WDE-36344-12 | **DATE: 4/2/12** |
|---|---|---|
| | **TITLE** CO takes TV | CODE:   29 |

**Supt, Signature**

_R Killen, acty Supt_          4/6/12

DATE: APR 18 2012

| NAME | Rogers, E) | DIN | 94A5053 | D/22/13 |
|---|---|---|---|---|

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Per investigation, the grievant claims CO N. took his TV.  The CO has gone on record denying allegations of taking the grievants TV, retaliating or harassing the grievant.
The grievant has offered to evidence or witness to his allegations.

Grievance appeal is denied.

Appeal Statement:   If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk.  You have (7) calendar days from receipt of this notice to file your appeal.  Please state why you are appealing this decision to CORC.

   I was never interviewed by anyone in regard to this grievance.   Please notify me that this Appeal was received   Thank you!

| Grievants Signature: _Eric Rogers_ | DATE: 4/10/12 |
|---|---|
| Grievance Clerks Signature_____ | DATE:_____ |

Rogers, E.    94A5053

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | Grievance Number WDE-36344-12 | Desig./Code I/29 | Date Filed 4/2/12 |
|---|---|---|---|
| | Associated Cases | | |
| | Facility Wende Correctional Facility | | |
| **INMATE GRIEVANCE PROGRAM** **CENTRAL OFFICE REVIEW COMMITTEE** | Title of Grievance CO Takes TV | | |

8/22/12

## GRIEVANTS REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration, and that CO N... denies taking the grievant's television or refusing to allow him to talk to a sergeant. CORC advises him to address any concerns regarding access to recreation to supervisory staff at the time of incident. Contrary to the grievant's assertions, CORC has not been presented with sufficient evidence to substantiate any malfeasance by staff.

The grievant, nevertheless, retains his right to pursue this matter further through the inmate claims mechanism as set forth in Departmental Directive #2733.

With respect to the grievant's appeal, CORC notes that Sgt. K... states that he interviewed him on 3/22/12. CORC notes that he has since been transferred.

JAD/sl
-------------------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------------------

This document has been electronically signed by JEFFERY A. HALE

B9-20

Rogers, E.        B10.3
94A5053
Southport SHU

USDL - 96 3/9 -12

march 25, 2012

To: I.G.P Supervisor D. Northcup
From: Eric Rogers #94A5053 (G-42-12)

Re: <u>Assault</u>

on thursday march 22, 2012 at around 3pm I was called in
From D-Block yard. As I waited to enter D-Block I seen sergeant
Kruger, officer myers and officer mcCann inside D-Block. once C.O.
mcCann opened gate and told me to empty my pockets - co myers
called me over to him to put my hands on Red Box ( I believe
holds a Fire hose). I was pat frisked by C.O. myers. After I was
told to put my hands by my side and turn around as I did so
officer mcCann was on my left side and C.O. myers was on my
right side. sergeant kruger got up from around the Desk and
jumped in my face poking his finger into my chest he asked me
"what is your fucking problem putting me in your Grievance?" he
continued "I didn't take your fucking TV - I wasn't even here that
was sergeant Johnson" (He mistakenly thought I wrote a grievance
concerning a Block search for illegal T.V.S that happened on march 10th
2012). As I was explaining to sergeant kruger that my complaint
was in reference to incident that transpired after he came to investigate
first grievance on march 19th for Denial of Dinner and recreation by Co.
Pettis, C.O. mcCann sucker punched me in the face and sergeant kruger
grabbed me like in a bear hug and told C.O. mcCann "No, No, back up".
sergeant kruger asked me "Rogers are you, o.k.?" I touched my face where
Co. mcCann punched me and he (Sgt. kruger) said your o.k. just relax by
this time both officers had there Batons out. He asked me if I had copy
of grievance in my cell, I said yes. He then asked me who was the
social worker I had call the facility I told him a friend of the family

He told me to go lock in to my cell. After yard recreation came in, he came to my cell to read grievance and letter to Superintendent I write concerning officer Nuwar taking my T.V. under false pretenses, of T.V. being contraband because serial #'s allegedly didn't match. which if this was the case would have been taken on march 10th. Sergeant Kruger told officer Nuwar on the company that he and C.O. Pettis were wrong for taking my TV and that he could understand him not allowing us (those who grieved C.O. Pettis) to recreation because he was backing his fellow officer, but once they start taking inmates property he was not going to tolerate it happening. He Sgt. Kruger asked C.O. Nuwar where was my T.V. Nuwar said he didn't know and he didn't know if C.O. Pettis was working. After C.O. Nuwar continued taking Dinner and recreation list down company. Sergeant Kruger said he apologized "for his officer McCann punching me, that he's a little hotheaded at times and that he wasn't one of his regular officers." Sergeant went on saying "he would find me my TV or have one for me until my TV was recovered." When I went to Dinner C.O. McCann was by (standing by) Front gate smirking at me with Baton in his hands as if trying to intimidate Me. Upon coming back to the Block from messhall he stepped out of D-Block doorway staring at me. When I left to commissary he was agian by gate with Baton staring at me. When I came back from commissary, commissary officer said "commissary on the gate". C.O. McCann seen me in front of commissary line when he opened the gate and said "commissary bring it in" upon me entering into D-Block he poked me with Baton in stomach causing me to lean over. Mr. Caban was on my right side cursing into the Block as well he grabbed me with a hand and told officer McCann "no, no, stop". And he was assaulted along with me. I was handcuffed Behind the back on the ground and was being beat over the head, back, legs. by officers with their Batons and boots, and fists. I was stood up by officers and sergeant kruger said "you son of a bitch I'm going to send you to the Hospital" and punched me several times until I

I bent over from his Punches. I was taken to Facility R.M.U. and placed in smallroom reserved usually For keeplock status Prisoners. There I was assaulted by several officers unknown to me (only exception was sgt. kruger and co. McCann). Sgt. kruger kept coming in and out of room assaulting me asking me "where was the Razor scumbag, How does it feel", I told him I didn't cut anybody "he told me "to shut the fuck up "and kicked my head into the wall over the bench. When I was Finally seen by nurse (name unknown) Tall big white male nurse. I was sitting on examining Table he told me to let him know if it hurt he started pressing down on injury on my head. I told him it hurt and he kept on pressing down even harder and officer holding handcuffs behind my back was pulling them up behind my back until I was almost leaning over my knees another officer in room attempted to knee me in the face. I don't know who it was, but somebody said "strip him we need to take pictures" while they were pulling my pants off I was being held sideways on examining Table with legs up in Air officer punched me in testicules. then I was placed on my stomach to remove my shirt, I was punched several Times in the side and back of my body. Officers were also trying to break my fingers by bending them in different positions. I was told that if I made any moves I would get Baton wrapped around my head. After shirt was removed I was recuffed and sergeant told nurses to wash Blood from my face and head for pictures. After pictures were taken and my head was wrapped in Bandages I was placed back in the keeplock room in my Boxer shorts and assaulted on and off by sergeant kruger and officers who were taking turns on and off releiving one another. Before I left sgt. kruger told me if I hear you tell anybody From ECMC what happened he would be waiting For me when I returned.

(3)

Action Requested: The Grievant in this action request sergeant and all officers involved in this assault upon my Person be dismissed from Performing their duty as Correctional Personal within D.O.C.C.S. Furthermore, that there malicious and unprofessional conduct be documented within the facility employees file as well as central office Employees file. Along with any and all other Actions deemed appropriate.

signed.

Eric Rogers

cc/file

(4)

April 10, 2012

To: Superintendant, Dale Artus
From: Eric Rogers #94A5053 (G-42-12)

Re: Amended Grievance # WDE-36319-12

I misidentified C.O. Blanar as being C.O. Myers in my grievance Complaint #WDE-36319-12. Please Amend this Complaint. Thank you for your time and look foward to a hearing from you as soon as possible.

Thank you,

Eric Rogers

cc:
File

| | STATE OF NEW YORK | Grievance No.<br>**#WDE-36319-12** | Date Filed<br>**3/28/12** |
|---|---|---|---|
| | DEPARTMENT OF<br>CORRECTIONS AND<br>COMMUNITY SUPERVISION | Facility<br>**Wende** | Policy Designation<br>**Institutional** |
| | | Title of Grievance<br>**Assaulted by security staff** | Class Code<br>**#49** APR 2 2012 |
| **INMATE GRIEVANCE PROGRAM**<br>**SUPERINTENDENT** | | Superintendent's Signature | Date<br>4/26/12 |

| Grievant<br>**ROGERS, E.** | DIN<br>**94A5053** | Housing Unit<br>**G-42-12** |
|---|---|---|

This grievance has been investigated by a Lieutenant and includes interviews with the grievant and his witnesses and written responses from all staff members named in the complaint.

During the interview, the grievant stated he had seven witnesses. The grievant's witnesses when interviewed all stated something different. Some stated they saw nothing. Some stated they saw an officer hit Rogers but did not know who the officer was. One offender stated Rogers had a small bag when he entered the block and others said he had nothing. One witness stated he saw Rogers get hit with a stick and he doesn't know if Rogers had his commissary with him.

The Officers state that they did not start this, the offenders attacked them. Offender Rogers was not assaulted by staff earlier in the day. One officer did see the commissary sitting out in the hall.

The Lieutenant stated that the testimony of the witnesses were inconsistent. Rogers offered no proof or evidence to his accusations. This is part of a well documented UI and UOF. The witnesses that Rogers supplied offered no proof to support his claims.

The evidence provided to this Reviewer does not substantiate a grievance of harassment against staff.

An officer performing his duty in the prescribed manner should not be construed as harassment.

---

### APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

LT. Lucas Contradicts his self in this investigation he allegedly did considering he never did the previous one he allegedly ~~stated~~ stated he did.

| Eric Rogers | 4/27/12 |
|---|---|
| Grievant's Signature | Date |

| | |
|---|---|
| Grievance Clerk's Signature | Date |

FORM 2133 (REV. 6/06)

F. Rogers

94A5053

G 4212

Rogers, E. 94A5053

| | | Grievance Number WDE-36319-12 | Desig./Code I/49 | Date Filed 3/28/12 |
|---|---|---|---|---|
| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | | Associated Cases | | |
| | | Facility Wende Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | | Title of Grievance Assaulted By Security Staff | | |

9/26/12

**GRIEVANT'S REQUEST UNANIMOUSLY DENIED**

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied.

CORC notes that the instant complaint is the subject of a documented Use of Force in which the grievant assaulted staff on 3/22/12. CORC notes that this matter has been properly investigated by the facility administration, and that staff deny assaulting the grievant or drawing their batons. Sergeant K... states that he spoke with the grievant at approximately 3:17 pm regarding his television, and that Officer Me... was not present. He further states that the grievant returned to his cell without incident. At approximately 7:20 pm, the grievant assaulted Officer Mc..., and when Sergeant K... attempted to assist him, he was assaulted by another inmate. Officers B... and My... responded to the incident and state that only the force necessary to control the situation was used. The grievant was examined by medical staff and it was noted that he had abrasions, some swelling, and a 2" laceration to the top of his head.

CORC notes that Directive #4040, § 701.1, states, in part, that the grievance program is not intended to support an adversary process. Directive #4040, § 701.6 (k) (1), states, in part: ...no copies of the grievance documents may go into an employee's file without his direct written consent.

CORC notes that the grievant's witnesses were interviewed, however, his allegations remain unsubstantiated.

With respect to the grievant's appeal, CORC has not been presented with sufficient evidence to substantiate any malfeasance by staff.

SLE/sl
----------------------------------------------------------------------------------------------------
----------------------------------------------------------------------------------------------------

This document has been electronically signed by KAREN R. BELLAMY.

Rogers, E.
94A5053
Attica C.F.

CE - 15

49 lid COS
Assulld by Commission

march 28, 2012

To: I.G.R.C
From: Eric Rogers #94A5053 (G-42-12)  (for) WDE-36333-12

Re: Commissary and clothes

I went to Commissary on march 22, 2012 and was assaulted by officers on flats of D-Block on my way back to my cell. I'd like to know what officers did with my Commissary? Further, clothes I was wearing have also allegedly been lost and I'd Like them back.

Action Requested: that all lost items be found and returned to me or I be Compensated for them.

signed,

Eric Rogers

cc/file

3/29/1(

| | STATE OF NEW YORK | Grievance No.<br>**#WDE-36333-12** | Date Filed<br>**3/29/12** |
|---|---|---|---|
| | DEPARTMENT OF | Facility | Policy Designation |
| | CORRECTIONS AND | **Wende** | **Institutional** |
| | COMMUNITY SUPERVISION | Title of Grievance | Class Code |
| INMATE GRIEVANCE PROGRAM | | **Assaulted by CO's from commissary** | **#49** APR 1 0 2012 |
| SUPERINTENDENT | | Superintendent's Signature | Date<br>4/6/12 |
| | | B. Kelly acting sup | Housing Unit |
| Grievant<br>**ROGERS, E.** | | DIN<br>**94A5053** | **G-42-12** |

This grievance has been investigated by a Lieutenant and includes an interview with the grievant. No other staff was named in this complaint.

The grievant provided no witnesses.

The Sergeant states that inmate Rogers abandoned his commissary in the hallway and rushed into the block to assault the officer. The offenders who were still in the hallway helped themselves to his commissary.

The Lieutenant states that Rogers' clothes were blood soaked and were destroyed by medical. The inmate was not assaulted. He was part of a well documented Use of Force. The inmate provided no evidence to support his claim.

The evidence provided to this Reviewer does not substantiate a grievance of harassment against staff.

The Reviewer feels the grievance should be denied.

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

_____                    _____
Grievant's Signature                                                    Date

_____                    _____
Grievance Clerk's Signature                                          Date

FORM 2133 (REV. 6/06)

Rogers, E.  94A5053

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | Grievance Number WDE-36333-12 | Desig./Code I/49 | Date Filed 3/29/12 |
|---|---|---|---|
| | Associated Cases | | |
| | Facility Wende Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Assaulted By COs From Commissary | | |

9/5/12

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED AS WITHOUT MERIT

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied as without merit. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration. CORC also notes that the grievant was involved in an appropriately documented Use of Force and Unusual Incident when he assaulted staff on 3/22/12, and that he received prompt medical attention for a laceration, abrasions and swelling. Further, Officers Ba..., Bl..., Mc... and Me... deny assaulting the grievant. Sergeant K... states that the grievant property was taken by other inmates when he abandoned his commissary bags in front of the D-Block entrance prior to the incident. It is also noted that his clothes were destroyed by medical staff because they were contaminated with blood. CORC has not been presented with sufficient evidence to substantiate any malfeasance by staff.

CORC notes that the grievant received a misbehavior report as the result of his actions. CORC also notes that a disciplinary hearing may be appealed in accordance with 7 NYCRR, Chapter V, and that this appeal mechanism affords the opportunity to remedy any factual or procedural errors in a disciplinary report. Further, CORC notes that his disciplinary disposition was affirmed by the Office of SHU/Inmate Discipline on 7/18/12.

With respect to the grievant's appeal, CORC notes that Lieutenant L... states that he interviewed the grievant regarding the instant complaint. CORC advises the grievant that he may initiate a Freedom of Information Law Request (FOIL) for consideration to obtain the video he is requesting in accordance with existing Facility procedures, and that he retains his right to pursue this matter further through the inmate claims mechanism as set forth in Departmental Directive #2733, INMATE PERSONAL PROPERTY CLAIM.

CORC notes that the grievant has been transferred.


JNA/sl
--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

This document has been electronically signed by JEFFERY A. HALE

Correctional Facility

INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

Boucy, Eric                          94-A-5053          D-22-13

D-Block Flats                        3-22-12

100.11 assault on staff

104.11 violent conduct

104.13 Disturb the order of the facility

On the above date, time and location I
observe offender Boucy, 94-A-5053 enter D-Block and without
provocation violently attack with closed fist punches officer
_____ by _____ him in the face and head area. As I
assist officer McLain, Officer Casa 28-A-9682 Boucy did
attack me by jumping on my back and using closed fist punches
he struck _____ me in the head and back area.
As responding _____ officers _____ the
compliant were cuffed and escorted to the facility hospital
by involved staff.

3-22-12        T. Kruse        _____        _____

_____ 3/26/12   3-22/12                          D Phipps

NOTICE ♦ AVISO

March 19, 2012

To: Superintendent Artus

From: Eric Rogers # 94A5053 (B-22-13)

Re: Staff Abuse of Authority and Harrassment

I Filed a Grievance on 3/14/12 on officer Pettis.
Today 3/19/12 I was interviewed by Sergeant Kruger
before Dinner. When I came back from Dinner C.O. Nuwar
told me he took my Television as Contraband and denied
recreation. I further requested to speak to a Sergeant
and was denied. This appears to be an ongoing problem
in this Block with these officers abusing their Authority
Harrassing Prisoners, setting them up with weapons, Dirty
urines, and false assault charges. I'm writing you to
bring all of this to your attention in hopes of having
all these abuses investigated. Further, I will be having
my Family and Friends File Complaints with Albany and
this Facility. I look Foward to a speedy reply concerning
this matter.

Signed,
Eric Rogers

CC/File

RECEIVED
SUPERINTENDENT'S OFFICE

MAR 2 0 2012

WENDE CORRECTIONAL FACILITY

464101 - 7/3 @ 4-

**STATE OF NEW YORK**

**TOWN** _____ **COURT** _____

**COUNTY OF** _ERIE_

**TOWN** __ of __ **ALDEN**

Defendant: _NA_ _____
(Relationship to alleged victim)

Alleged Victim: _NA_ _____
(Relationship to defendant)

---

**THE PEOPLE OF THE STATE OF NEW YORK**

-- VS. --

_ERIC ROGERS_

Date of Birth

_02/12/1972_

Defendant(s)

---

BE IT KNOWN THAT, by this _FELONY COMPLAINT_ , _R R KLINE_ _____

as the Complainant herein, _STATIONED_ at _SP CLARENCE_ _____

accuses the above mentioned Defendant(s), with having committed the _FELONY_ _____

of _ASSAULT -2ND DEGREE_ _____ in violation of Section _120.05_ ,

Subdivision _____ of the _PENAL_ _____ Law of the State of New York.

That on or about _03/22/2012_ at about _07:20 PM_ _____

In the _TOWN_ _____ of _ALDEN_ _____ , County of _ERIE_ _____ , the defendant(s)

DID INTENTIONALLY, KNOWINGLY AND UNLAWFULLY COMMIT THE FELONY OF ASSAULT 2: INJURE PERSON WHILE CONFINED IN A CORRECTIONAL FACILITY. A PERSON IS GUILTY OF ASSAULT IN THE SECOND DEGREE WHEN:7. HAVING BEEN CHARGED WITH OR CONVICTED OF A CRIME AND WHILE CONFINED IN A CORRECTIONAL FACILITY, AS DEFINED IN SUBDIVISION THREE OF SECTION FORTY OF THE CORRECTION LAW, PURSUANT TO SUCH CHARGE OR CONVICTION, WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, HE CAUSES SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON;ASSAULT IN THE SECOND DEGREE IS A CLASS D FELONY.

ON THE AFOREMENTIONED DATE, TIME, AND PLACE SAID DEFENDANT ATTACKED NYS CORRECTIONS OFFICER TERRENCE MCCANN AT WHICH TIME HE STRUCK HIM SEVERAL TIMES IN THE FACE AND HEAD WITH A CLOSED FIST CAUSING PHYSICAL INJURY. ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASE MADE AND PROVIDED.

The above allegations of fact are made by the Complainant herein on direct knowledge and/or upon information and belief, with the sources of Complainant's information and the grounds for belief being the facts contained in the attached SUPPORTING DEPOSITION(s) of: _TERRENCE MCCANN, JONATHAN KRUGER, ADAM BLANAR_

WHEREFORE, Complainant prays that a Warrant be issued for the arrest of the said Defendant(s).

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the State of New York punishable as a Class A Misdemeanor. (PL 210.45)

Affirmed under penalty of perjury

this _11_ th day of _____ _MAY_ , _2012_ _____

-- OR --

Subscribes and sworn to before me this _____ day of

_____ , 20 _____

_____
COMPLAINANT -



# OFFICE OF THE ERIE COUNTY DISTRICT ATTORNEY

## FRANK A. SEDITA, III
### DISTRICT ATTORNEY

October 12, 2012

ERIC ROGERS (DOB: 2/12/72)
C/O SUPERINTENDENT
SOUTHPORT CORRECTIONAL FACILITY
236 BOB MASIA DRIVE
P O BOX 2000
PINE CITY NY 14871

      Re:  People v. ERIC ROGERS (DOB: 2/12/72)
            ECDA File No. 01373-2012
            WENDE CORRECTIONAL/ALDEN DOCKET NO. 12050044

Dear ERIC ROGERS:

    After reviewing the evidence presented against you in regard to the above-captioned case, the Erie County Grand Jury has dismissed the charges against you. The date of this dismissal was October 12, 2012. A copy of the dismissal is enclosed.

                    Very truly yours,

                    FRANK A. SEDITA, III
                    DISTRICT ATTORNEY

             *Amy J. Goldstein*

       BY:    AMY J. GOLDSTEIN
               Assistant District Attorney
               Chief, Grand Jury Bureau

AJG/caa
c/e:

MICHAEL ZOSH, ESQ.
12364 MAIN ROAD
AKRON NY 14001

HON. JOHN L. MICHALSKI, J.S.C.

## ERIC ROGERS (DOB: 2/12/72) IS IN CUSTODY AT SOUTHPORT CF ON OTHER CHARGES - <u>DO NOT RELEASE</u>

25 DELAWARE AVENUE • BUFFALO, NEW YORK • 14202-3903 • (716) 858-2424 • FAX: (716) 858-7425 • www.erie.gov

TO THE SUPREME/COUNTY COURT:

The Grand Jury of the County of Erie, for the 10-B Term, 2012, of the Supreme/County Court, respectfully reports that it has inquired into the following charges and has made a finding of dismissal against the following named person(s):

ERIC ROGERS AND LUIS CABAN
(01373-2012)

ASSAULT IN THE SECOND DEGREE, P.L. §§120.05(7), 20.00


S/
_____
FOREPERSON

Dated:   OCT 1 2 2012
/smg

Clerk of the Court
United States District Court
U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

13CV 0021

January 2, 2013


Dear Sir/madam,

Enclosed is Civil action Complaint (42 u.s.c. 1983) with Exhibits, Civil Cover Sheet, motion to proceed in Forma Pauperis, Authorization, and motion For Appointment of Counsel. Please deliver these papers to a Judge for Consideration. Thank you for your time and attention to this matter.


Signed,
Eric Rogers
# 94A5053


Southport Correctional Facility
P.O. Box 2000
Pine City, N.Y. 14871