-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIC ROGERS, 94-A-5053,

        Plaintiff,

-v-

SUPERINDENT D. ARTUS,
SERGEANT J. KRUGER,
OFFICER A. BLANAR,
OFFICER J. MYERS,
OFFICER T. MCCANN,
OFFICER G. BARLOW,
OFFICER BOBO,
OFFICER MICHIENZI and
NURSE R. MCKINAY,

        Defendants.

13-CV-21M
ORDER



## INTRODUCTION

Plaintiff Eric Rogers, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and has filed a signed Authorization (Docket No. 2). Plaintiff has also moved for the appointment of counsel. (Docket No. 3). The complaint sets forth claims relating to assaults that plaintiff allegedly suffered at the hands of several of the defendants in March, 2012 during his previous incarceration at the Wende Correctional Facility ("Wende"). For the reasons set forth below, plaintiff's request to proceed as a poor person is granted, his claims against one of the defendants are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## STANDARD OF REVIEW

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)) (internal quotation marks and citation

omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*; "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." ). "A document filed *pro se* is to be liberally construed ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200, 167 L.Ed.2d 1081 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.' " *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

## DISCUSSION

Plaintiff's claims all relate to several assaults that plaintiff claims to have sustained at Wende on March 22, 2012. At around 3 p.m. on that date, plaintiff states that he was confronted by defendants Sergeant J. Kruger, and Officers Blanar and McCann, who frisked him and surrounded him. As described in the complaint, the altercation that led to the initial assault by defendant Officer T. McCann was precipitated by Sergeant Kruger's apparent belief that plaintiff had filed a grievance alleging that he had taken plaintiff's television. As plaintiff attempted to explain to Kruger, in response to Kruger's objection to having been grieved by plaintiff, that the grievance was in reference to another incident, McCann allegedly punched plaintiff in the face. Plaintiff further alleges that Kruger then in essence interceded to stop the assault, and later apologized for McCann's actions, and promised to obtain a TV for him. (Complaint, ¶¶ 17-22).

3

Plaintiff next alleges that several hours later on the same date (around 7 p.m.), while returning to his cell, defendant McCann hit him again, and after he was on the ground and handcuffed defendant Officers McCann, Myers and Blanar, as well as defendant Kruger, "beat him over the head, back and legs with batons, boots and fists." (Complaint, ¶ 24). Subsequently, after Kruger told plaintiff he would send him to the hospital, he punched him several more times. (Complaint, ¶ 25).

Plaintiff was then taken to the facility clinic and while there claims he was again assaulted by a group of officers which included defendants Kruger and McCann. Plaintiff alleges that he recognized in the room defendant Officers Bobo and Michienzi, but isn't sure if they participated in the beatings; plaintiff asserts, however, that he knows "they did nothing to intervene and stop [the] beatings." (Complaint, ¶ 26).

Plaintiff next alleges that when he was finally brought into an examination from, defendant Nurse McKinay told him to let him know when his head injury hurt and started pressing down on the injury, continuing to press even harder when plaintiff told him it hurt (Complaint, ¶ 27); the allegation or inference is that defendant McKinay was attempting to exacerbate plaintiff's pain rather than diagnose or treat him. While this was going on, plaintiff alleges that defendant Michienzi was pulling his handcuffs behind plaintiff's back until he was leaning over his knees as another officer attempted to knee him in the face. (*Id.*).

Plaintiff further alleges that after being beaten again, defendant Kruger threatened to retaliate against him if he told anyone from Erie County Medical Center what had happened, and later fabricated a misbehavior report alleging that plaintiff had assaulted the defendants. (Complaint, ¶ 29). As a result of the allegedly fabricated assault charge,

plaintiff was criminally charged with assault, but the charges were dismissed by an Erie County Grand Jury. (Complaint, ¶ 31). Plaintiff claims that as result of the alleged assaults, he suffered a head injury requiring staples, and that he sustained a variety of other injuries resulting in migraines, pain and dizziness. (Complaint, ¶ 30).

Plaintiff's allegations are sufficient to allow Eighth Amendment excessive force claims to go forward against defendants Kruger, McCann, Blanar, Myers, Barlow.and Micienzi. The allegation that defendant McKinay pressed down on the head injury plaintiff sustained in one of the beatings is likewise sufficient, albeit barely, to allow an Eighth Amendment claim against him to go forward.

While plaintiff does not allege that defendant Officer Bobo participated in the beatings (he states "I'm not sure"), his allegation that Bobo was in the room during one of the assaults but did nothing to intervene and stop the beatings is sufficient to state an Eighth Amendment failure to protect claim against Bobo, which may go forward against juncture. *See, e.g., D'Attore v. Cucharella,* 2012 U.S. Dist. LEXIS 167359, at *22-24 (N.D.N.Y. Oct. 3, 2012 (declining to dismiss failure to protect claim against corrections officer who made no effort to intervene and prevent fellow corrections officer from punching plaintiff a second time). (Complaint, ¶ 26). Plaintiff likewise states a failure to protect claim against defendant Michienzi, who is also alleged to have been present during the same assault on him, and, like defendant Bobo, done nothing to stop it.

Plaintiff's allegations also state a First Amendment retaliation claim against defendant Kruger to the extent that he alleges, as noted above, that Kruger fabricated a misbehavior report against him in an attempt to cover up the defendants' misconduct in beating plaintiff up because he had filed grievances.

5

The complaint fails to state a claim against defendant Superintendent Artus. Plaintiff alleges only that he wrote to Artus a letter complaining that facility officers had abused their authority and were harassing him. (Complaint, ¶ 16). Attached to the complaint are several grievances by plaintiff in which he complained of, *e.g.*, harassment by officers, the taking of his TV and the assaults at the hands of the defendants described above. (Docket No. 1 [Exhibits to Complaint], pp. 15, 19-22). Also attached are two Inmate Grievance Program decisions by Artus rejecting his grievances, including the grievance filed wiith respect to the alleged assaults (*Id.* pp. 13, 24). It is well-established that "personal involvement . . . in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (citation omitted). The denial, or affirmance of a denial, of a grievance by a Superintendent or other supervisory official is insufficient, without more, to create personal involvement in alleged violations:

> Plaintiff attempts to establish personal involvement by Superintendent Poole and CORC Director Eagan by pointing to their roles in reviewing Plaintiff's grievances. Without more, this is insufficient to create personal involvement in Plaintiff's alleged constitutional violations.
>
> Invariably, a prisoner's grievance is passed upon by the Superintendent, and by the director of the CORC if the prisoner pursues a further appeal. *See* N.Y. Comp. Code R. & Regs., tit. 7, § 701.7(c) ("Th[e] [Inmate Grievance] [P]rogram enables any inmate who is personally affected by an issue for which there is no avenue for redress or correction to seek resolution of a complaint through a facility committee of elected peers and appointed staff members: the inmate grievance resolution committee (IGRC). If not satisfied, an inmate may appeal to the facility superintendent; if still not satisfied, an inmate may appeal to a committee of central office staff acting on behalf of the commissioner: the central office review committee (CORC)."). This is insufficient, however, to establish the requisite personal involvement for purposes of

> § 1983. *See Joyner v. Greiner*, 195 F. Supp.2d 500, 506 (S.D.N.Y. 2002) ("The fact that Superintendent Greiner affirmed the denial of plaintiff's grievance-which is all that is alleged against him-is insufficient to establish personal involvement or to shed any light on the critical issue of supervisory liability, and more particularly, knowledge on the part of the defendant.")

*James v. Poole*, 2013 U.S. Dist. LEXIS 3440, at *18-19 (W.D.N.Y. Jan. 9, 2013). Accordingly, plaintiff's claim against defendant Superintendent Artus must be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has moved for the appointment of counsel. (Docket No. 3). Plaintiff's application is premature as a more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. Plaintiff's motion for the appointment of counsel is denied without prejudice as premature. For the reasons discussed above, plaintiff's claim against defendant Superintendent Artus is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A, and the U.S. Marshal is directed to serve the summons

and complaint on defendants Sergeant J. Kruger, Officers A. Blanar, J. Myers, T. McCann, G. Barlow, Bobo, Michienzi, and Nurse R. McKinay regarding the remaining claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's motion to appoint counsel is denied without prejudice;

FURTHER, that the claim against Superintendent D. Artus is dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendant D. Artus as a party to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon J. Kruger, A. Blanar, J. Myers, T. McCann, G. Barlow, Bobo, Michienzi and McKinay without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;[1]

FURTHER, the Clerk of the Court is directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

---

[1] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

SO ORDERED.

DATED: 9/11, 2013
Buffalo, New York

_____
JOHN T. CURTIN
United States District Judge