UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ERIC ROGERS, 94-A-5053,

                         Plaintiff,

        vs.

SUPERINTENDENT D. ARTUS, et. al.,                    **Docket No: 13-CV-00021**

                         Defendants.

_____

## STIPULATED PROTECTIVE ORDER

WHEREAS, each of the parties in the above-captioned action may seek discovery of

documents, information or other materials which may contain or relate to confidential

information of another party or of a third party;

WHEREAS, Defendants have produced Plaintiff Eric Rogers's medical records

maintained by the Department of Corrections and Community Supervision ("DOCCS") and by

the Erie County Medical Center ("ECMC");

WHEREAS, Plaintiff Eric Rogers requests appropriate protection for the confidentiality

of these documents;

WHEREAS, Defendants have produced Use of Force Reports and Unusual Incident

Reports for the incident which occurred on March 22, 2012;

WHEREAS, Defendants have objected to the production of certain documents unless

appropriate protection for confidentiality is assured;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the

parties to the above-captioned action, that the following procedures shall govern the production

and subsequent handling of confidential documents and information produced by any party:

1.      Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "CONFIDENTIAL" any document, testimony or other discovery material that the producing party or non-party reasonably and in good faith believes to constitute non-public personal or medical information.

2.      Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "CONFIDENTIAL-ATTORNEY EYES ONLY" any document, testimony or other discovery material that the producing party or non-party reasonably and in good faith believes to constitute or include highly sensitive non-public personal or medical information or which would be considered contraband by DOCCS if possessed by an inmate and that, if disclosed without the protections provided herein for "CONFIDENTIAL-ATTORNEY EYES ONLY" information, would jeopardize the personal safety or well being of anyone, or the security and good order of a DOCCS facility.

3.      All persons receiving "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" material shall take all steps reasonably necessary to prevent the disclosure of such material to anyone other than persons identified below.

4.      Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced, shall not be used or disclosed by such party for any purpose or function except in connection with the preparation and conducting of this action, including depositions, trials and appeals, if any, and shall not be used in any other civil action or for any other purpose.  Materials marked or otherwise designed as "CONFIDENTIAL" shall not be disclosed by such party to any other person except:

        a.      the Court and Court personnel engaged in proceedings incident to this

action;

b.      court reporters before whom a deposition in this action is taken, including stenographic reporters and any secretarial, clerical, or other lay personnel assisting such reporter;

c.      counsel of record and their stenographic clerical and paralegal agents, contractors or employees whose duties and responsibilities require access to such materials;

d.      the individual parties;

e.      persons who, as indicated on the face of the discovery material that has been designated "CONFIDENTIAL" or from the source information provided by the designating party, have received the discovery material or seen it prior to the date such discovery material is produced in this action;

f.      independent litigation support service personnel such as translators, duplicating services, auxiliary services of like nature, routinely engaged by counsel; and

g.      expert consultants and witnesses.

5.      Material marked or otherwise designated as "CONFIDENTIAL-ATTORNEY EYES ONLY" shall be maintained in confidence by counsel for the party to whom such material is produced, shall not be used or disclosed by such counsel for any purpose or function except in connection with the preparation and conducting of this action, including depositions, trials and appeals, if any, and shall not be used in any other civil action or for any other purpose. Materials marked or otherwise designed as "CONFIDENTIAL-ATTORNEY EYES ONLY" shall not be disclosed by such person to any other person except:

a.      the Court and Court personnel engaged in proceedings incident to this action;

b.      court reporters before whom a deposition in this action is taken, including stenographic reporters and any secretarial, clerical, or other lay personnel assisting such reporter;

c.      counsel of record and their stenographic clerical and paralegal agents, contractors or employees whose duties and responsibilities require access to such materials;

      d.     independent litigation support service personnel such as translators, duplicating services, auxiliary services of like nature, routinely engaged by counsel;

      e.     expert consultants and witnesses; and

      f.     persons who, as indicated on the face of the discovery material that has been designated "CONFIDENTIAL-ATTORNEY EYES ONLY" or from the source information provided by the designating party, have received the discovery material or seen it prior to the date such discovery material is produced in this action.

Such material may not be disclosed to the individual parties to this action.

      6.     Material marked or otherwise designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" shall not be disclosed to persons in categories 4(g) and 5(e) without prior consent and execution of the attached Certification To Stipulated Protective Order.

      7.     The parties hereto agree that if any person not authorized to receive "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" information under the terms of this Protective Order is present at any deposition in this action or at a hearing, trial or other court proceeding, that person shall be asked to leave that proceeding for the period of time during which such information material is the subject of questioning or, if necessary, be allowed to remain in that proceeding after executing the Certification To Stipulated Protective Order.

      8.     The attorneys of record for a party who wishes to disclose information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" to persons other than those identified in Paragraphs 4 and 5 shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure can be made. If they cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. No disclosure of the information to persons other than those identified in Paragraphs 4 and 5 shall be made pending a ruling by the Court.

9.      A party shall not be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" at the time made, and failure to do so shall not preclude a later challenge thereof.  If a party challenges such a designation, it shall send or give notice to the other party and to any third party who designated the information as confidential and shall attempt in good faith to resolve any challenge on an expedited and informal basis.  The party which designated such information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" shall have the burden of proving that the information at issue is entitled to such designation by a preponderance of the evidence.   The information at issue shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" until the parties agree or the Court determines otherwise.

10.     Discovery material produced without the designation of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" may be designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error.   If discovery material is designated subsequent to production or testimony, the designating party may ask the receiving party to use its best efforts, at the designating party's expense, to promptly collect any copies that have been provided to individuals other than those identified in Paragraphs 4 and 5 of the Protective Order. For purposes of this Paragraph, the material will be deemed to be "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" as of the date upon which notice of the designation is received.

11.     No "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" material shall be electronically filed or otherwise placed in the public record of this action.  Any

document or thing containing or embodying "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" material that is to be filed in this action shall be placed in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the action; the name of the party filing the sealed envelope; a concise, non-disclosing inventory of its contents for docketing purposes; and shall state thereon that it is filed under the terms of this Protective Order. The party filing the material designated pursuant to this Protective Order shall take all steps required by the United States District Court, Western District of New York to ensure that such material is filed under seal and maintained as confidential with the Court and/or the Clerk's Office.

12.    This Protective Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by a Court order, or by written agreement of the parties.

13.    Jurisdiction of this action is to be retained by this Court, after final determination or settlement, for purposes of enabling any party to this Protective Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of this Protective Order.

14.    Nothing in this Protective Order shall be deemed to waive any otherwise applicable privilege or any objection as to the admissibility of evidence.

15.    Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, this Protective Order will be treated as though it has been "So Ordered".

16.     Nothing in this Protective Order shall preclude any party or non-party from seeking or obtaining from the Court different or further protection or relief pursuant to Fed. R. Civ. P. 26(c) or any other provision of the Federal Rules of Civil Procedure.

Date:   Buffalo, New York
      May 12, 2014

Date:   New York, New York
      May 14, 2014

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants
BY:

CRAVATH, SWAINE & MOORE LLP
Attorneys for Plaintiff
BY:

_____
GEORGE MICHAEL ZIMMERMANN
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8444
George.Zimmermann@ag.ny.gov

_____
YONATAN EVEN
KATE F. STAMELL
KIMBERLY M. JEFFERS
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
yeven@cravath.com
kstamell@cravath.com
kjeffers@cravath.com

**SO ORDERED.**

May 14, 2014

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge

IF A DOCUMENT TO BE FILED CONTAINS BOTH CONFIDENTIAL AND NON-CONFIDENTIAL PORTIONS, ONLY THE CONFIDENTIAL PORTIONS OF THE DOCUMENT SHALL BE FILED UNDER SEAL.

7

**SO ORDERED**

_____
JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE
DATED: 5/14/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIC ROGERS, 94-A-5053,

                    Plaintiff,

    vs.

SUPERINTENDENT D. ARTUS, et. al.,          **Docket No: 13-CV-00021**

                    Defendants.

---

## CERTIFICATION TO STIPULATED PROTECTIVE ORDER

I certify my understanding that confidential information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order (the "Protective Order"), dated May [XX], 2014, in the case entitled *Rogers v. Artus, et al.*, 13-cv-00021, currently pending in the United States District Court for the Western District of New York. I further certify that I have read the Protective Order and agree to be bound by its terms. I submit to the jurisdiction of this Court for purposes of enforcement of the Protective Order. I understand that all provisions of the Protective Order restricting the communication or use of confidential information shall continue to be binding during the pendency of and after the conclusion of the above-captioned action.

Dated: _____

 

                                            _____