UNITED STATES DISTRICT COURT
       FOR THE
WESTERN DISTRICT OF NEW YORK
_____

WALTER DIAZ, AKA ERIC ROGERS

                              **NOTICE OF MOTION**
                              **TO QUASH SUBPOENA**

      v                                Civil Action No.
                                      13-CV-00021-JJM

                                      Assigned Judge:
SUPERINTENDENT D. ARTUS, ET AL.,    Jeremiah McCarthy
              Defendant          Magistrate Judge

_____

STATE OF NEW YORK   )
COUNTY OF ERIE      )   ss.
CITY OF BUFFALO     )

      PLEASE TAKE NOTICE, that upon the attached affidavit of DONNA A. MILLING, Assistant District Attorney, of counsel to FRANK A. SEDITA, III, District Attorney of Erie County, sworn to on the 22nd day of May, 2014, and upon all papers heretofore filed herein, the undersigned will move before Jeremiah McCarthy, Magistrate Judge, Allegheny Courtroom, US District Court for the Western District of New York, Buffalo, New York, on the 4th day of June, 2014 at 9:30 in the forenoon, or as soon thereafter as counsel may be heard, for an order quashing or modifying the subpoena duces tecum served upon the Erie County District Attorney's Office, and for such other relief as may be just and proper.

DATED:   Buffalo, New York      Respectfully Submitted,
         May 22, 2014

                                  FRANK A. SEDITA, III
                                  DISTRICT ATTORNEY
                                  Erie County
                                  BY: DONNA A. MILLING
                                  Assistant District Attorney
                                  of Counsel
                                  25 Delaware Avenue
                                  Buffalo, New York 14202

TO:   Kimberly Jeffers, Esq.

UNITED STATES DISTRICT COURT
     FOR THE
WESTERN DISTRICT OF NEW YORK
_____

WALTER DIAZ, AKA ERIC ROGERS

        v

SUPERINTENDENT D. ARTUS, ET AL.,
             Defendant

**AFFIDAVIT**

Civil Action No.
13-CV-00021-JJM

_____

STATE OF NEW YORK   )
COUNTY OF ERIE      )  ss.
CITY OF BUFFALO     )

      DONNA A. MILLING, being duly sworn, deposes and says:

      1.   I am an attorney duly admitted to practice law before this Court.

      2.   I am an Assistant District Attorney, appearing of counsel to FRANK A. SEDITA, III, District Attorney of Erie County, on behalf of the People of the State of New York.

      3.   This affidavit is submitted in support of the People's motion to quash the judicial subpoena duces tecum requesting "Any and all documents in the possession, custody, or control of the District Attorney concerning *People v Eric Rogers* (DOB: 2/12/1972), ECDA File No. 01373-2012" received in the District Attorney's Office on May 20, 2014.

      4.   On October 4, 2012, an Erie County grand jury heard evidence concerning charges of assault in the second degree (Penal Law § 120.05[7]) filed against Eric Rogers and Luis Caban under a

- 2 -

theory of accessorial liability. On October 12, 2012, the grand jury voted a no true bill dismissing the charge. The grand jury's vote of a no true bill is a termination of the criminal action in the favor of Eric Rogers and Luis Caban and accordingly the file is sealed pursuant to CPL 160.50[3][h]). The People may not disclose the contents of a sealed file absent a court order unsealing the file pursuant to CPL 160.50.

5. The file also contains grand jury minutes which may not be disclosed absent a court order (CPL 190.25[4]). Because of the strong public interest in maintaining the secrecy of grand jury proceedings, the Legislature has mandated that disclosure of the grand jury minutes may only be made pursuant to a court order and only for compelling reasons. The party seeking disclosure must show a "compelling and particularized need" for the grand jury minutes, because "disclosure is the exception rather than the rule" (*Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444 [1983]). No such showing has been demonstrated here.

6. Additionally, only the Court in charge of the grand jury may release testimony from the secrecy requirement of CPL 190.25[4]) (*People v Astacio*, 173 AD2d 834 [2nd Dept 1991], *app denied* 79 NY2d 824; *Ivey v State of New York*, 138 AD2d 962 [4th Dept 1988]).

7. The People submit that defendant's request is overbroad and non-specific. Such a request would encompass clearly

privileged material, including attorney work product and confidential statements made to the District Attorney's office (see, *Sanchez v City of New York*, 201 AD2d 325, 326 [1st Dept 1994]; *Melendez v City of New York*, 109 AD2d 13, 21 [1st Dept 1995]). The file contains attorney-work product in the form of notes, office forms and inter-office memoranda.

8. A number of cases have held that a federal district court has the authority "to issue an order compelling production of files in the custody of the district attorney and sealed pursuant to CPL 160.50" in the context of a federal civil rights action. 42 U.S.C. § 1983. *Kymissis, v Rozzi*, 1994 WL 839483 (S.D.N.Y. July 18, 1994); *Cruz v Kennedy*, 1997 WL 839483 (S.D.N.Y. 1997). A review of the instant matter reveals that Eric Rogers has commenced a § 1983 action. Accordingly, he has waived the protection of the sealing when he put into issue his civil rights action. Plaintiff has also provided the District Attorney's office with signed notarized waivers of himself and co-defendant Luis Caban, authorizing the release of records and papers relating to their arrests and prosecution which were sealed pursuant to CPL § 160.50.

9. The waiver does not, however, amount to an automatic unsealing, and even when it is the accused who requests the unsealing, "a former defendant does not have an absolute right to the disclosure of materials sealed pursuant to CPL 160.50; *Lehman v Kornblau*, 206 F.R.D. 345 (E.D.N.Y. 2001); *Harper v Angiolillo*,

89 NY2d 761, 767(1997). CPL §§ 160.50 and 160.55 protect "important privacy interests, and a 'strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy'". This Court must therefore "balance the deference to be accorded state-created privileges with the need for the information sought to be protected by the privilege".

        10. The contents of the file also includes sealed grand jury minutes. In general, requests for disclosure of grand jury minutes should be directed to the court that supervised the grand jury's activities *Douglas Oil v Petrol Stops Northwest*, 441 US 211(1979); *Restivo v Nassau County*, 2008 WL 2938009 (E.D.N.Y. 2008). As a matter of comity, the plaintiff should first make his application to the state court that supervised the grand jury at issue. See, *Ruther v Boyle*, 879 F.Supp 247, 250 (E.D.N.Y. 1995); *Townes v New York City*, 1996 WL 164961 (E.D.N.Y. March 28, 1996). The preference to have this issue resolved by the state courts exists even when the plaintiff is asserting civil rights violations in the federal action. "If after reviewing the plaintiff's application, the state court supervising the grand jury decides that the secrecy of the grand jury proceedings is still warranted, then the plaintiff may challenge that state court's decision before

this court". *Kornblau* at 252 citing *Lucas v Turner*, 725 F.2d 1095, 1099 (7th Cir. 1984).

WHEREFORE, it is respectfully requested that in light of the plaintiff's failure to meet his burden of demonstrating his entitlement to disclosure of the District Attorney's sealed file and disclosure of the grand jury minutes absent an order from the state court judge supervising the grand jury, that this Court issue an order quashing or modifying the subpoena duces tecum dated May 20, 2014.

DONNA A. MILLING
Assistant District Attorney
Erie County District
 Attorney's Office
25 Delaware Avenue
Buffalo, New York  14202
(716) 858-2448
donna.milling@erie.gov

Subscribed and sworn to
before me on May 22, 2014.

NICHOLAS T. TEXIDO
Notary Public, State of New York
Qualified in Erie County
My Commission Expires May 7, 2015.

```
UNITED STATES DISTRICT COURT
        FOR THE
WESTERN DISTRICT OF NEW YORK
```

WALTER DIAZ, AKA ERIC ROGERS

     v

SUPERINTENDENT D. ARTUS, ET AL.,
     Defendant

AFFIDAVIT
OF SERVICE

Civil Action No.
13-CV-00021-JJM

STATE OF NEW YORK )
COUNTY OF ERIE   ) ss:
CITY OF BUFFALO  )

    KRISTY A. SWANSON, being duly sworn, deposes and says:

    That she is over the age of twenty-one (21) years and is employed by the County of Erie at the Erie County District Attorney's Office; that on May 22, 2014, she served the within Motion to Quash upon Kimberly Jeffers, Esq., attorney for Plaintiff, Walter Diaz, aka Eric Rogers, at her office located at Swaine & Moore, LLP, Worldwide Plaza, 825 Eighth Avenue, New York NY 10019, by depositing a true copy of same, securely enclosed in a postpaid wrapper, in a post office box regularly maintained by the United States Postal Service at the Erie County Hall in the City of Buffalo, New York in the above-captioned matter.

              _____
               KRISTY A. SWANSON

Subscribed and sworn to before
me on May 22, 2014.

_____
DONNA A. MILLING
Notary Public, State of New York
Qualified in Erie County
My Commission Expires February 9, 2016.