UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WALTER DIAZ a/k/a
Eric Rogers,

                Plaintiff,                    **13-CV-00021-JJM**

        vs.

SUPERINTENDENT D. ARTUS, et al.,

                Defendants.
_____

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

        Plaintiff, Walter Diaz (also known as Eric Rogers), respectfully submits this Response to the Court's Order to Show Cause (the "Order") of May 22, 2014 (Dkt. No. 30). The Order requires the parties to show cause why the Motion to Quash (the "Motion") (Dkt. No. 29) filed by the District Attorney of Erie County (the "District Attorney"), a non-party, "should not be held in abeyance pending plaintiff's application to the state court that supervised the grand jury" (Dkt. No. 30). As shown below, the Motion should not be stayed. In sum, Mr. Diaz does not at this stage seek the grand jury testimony from the District Attorney, and the District Attorney has not put forward any arguments that warrant delaying production of all discoverable documents in the District Attorney's possession, custody, or control.

I.      BACKGROUND

        On May 20, 2014, Mr. Diaz served a subpoena duces tecum (the "Subpoena") on the District Attorney. The Subpoena seeks "[a]ny and all Documents in the possession, custody, or control of the District Attorney concerning *People v. Eric*

*Rogers* (DOB: 2/12/1972), ECDA File No. 01373-2012."[1] *People v. Eric Rogers*[2] was a criminal proceeding commenced by the District Attorney against Mr. Diaz and Luis Caban, a non-party. The District Attorney charged Messrs. Diaz and Caban with assault in the second degree in violation of Sections 120.05(7) and 20.00 of the New York Penal Law, following an altercation at Wende Correctional Facility on March 22, 2012, between Messrs. Diaz and Caban, and correction officers and a sergeant of the New York State Department of Corrections and Community Supervision ("DOCCS"). The District Attorney alleged that Messrs. Diaz and Caban attacked and assaulted a correction officer and sergeant. In fact, as Mr. Diaz intends to prove in this case, the correction officer and sergeant identified in the felony complaints, in addition to other DOCCS employees, attacked Messrs. Diaz and Caban in retaliation for written inmate grievances that Mr. Diaz had filed with DOCCS.

On October 12, 2012, a grand jury of Erie County returned a No True Bill and dismissed the assault charges against Messrs. Diaz and Caban. (Dkt. No. 1, pp. 33-35.)[3] The altercation at issue in the failed prosecution of Messrs. Diaz and Caban is the subject of Mr. Diaz's present civil action before this Court, and the prison officials who were involved in that altercation, and who testified against Mr. Diaz at a DOCCS

---

[1] Pl. Subpoena, May 20, 2014, attached as Exh. 3 to Declaration of Kate F. Stamell in Support of Plaintiff's Response to Order to Show Cause ("Stamell Decl.").

[2] The full caption of this proceeding is *People v. Eric Rogers and Luis Caban*.

[3] Before criminal charges were brought against Messrs. Diaz and Caban, both had been sentenced to five years in the Special Housing Unit (commonly known as solitary confinement) as a result of the March 22, 2012 altercation following a DOCCS administrative hearing. Despite the dismissal of the criminal charges, Messrs. Diaz and Caban are currently serving these administrative sentences in solitary confinement at Southport Correctional Facility.

administrative hearing concerning the altercation, are Defendants in this action. Upon information and belief, these Defendants and others provided the District Attorney with supporting depositions, declarations and other statements that alleged facts corroborating the criminal charges against Messrs. Diaz and Caban. (*See* Dkt. No. 1, p. 33.)

In connection with the present civil action, Mr. Diaz seeks the contents of the District Attorney's files relating to the criminal proceeding, and, as such, has waived the protection of Section 160.50 of the New York Criminal Procedure Law ("CPL") by placing the sealed information in issue. In addition, Mr. Caban has signed a notarized waiver authorizing the release of records and papers collected by the District Attorney in the course of the criminal proceeding.[4]

On May 22, 2014, without any attempt to meet and confer with counsel for Mr. Diaz regarding the scope of the Subpoena, the District Attorney moved to quash the Subpoena. The District Attorney advances three arguments in support of its Motion. (Dkt. No. 29.) First, the District Attorney contends that "[t]he people may not disclose the contents of a sealed file absent a court order unsealing the file pursuant to CPL § 160.50". (Dkt. No. 29, ¶4.) Second, the District Attorney states that the file Mr. Diaz seeks "contains grand jury minutes which may not be disclosed absent a court order" (Dkt. No. 29, ¶5), that "only the Court in charge of the grand jury may release testimony from the secrecy requirement" of CPL § 190.25 (Dkt. No. 29, ¶6), and that Mr. Diaz must therefore apply to the "state court that supervised the grand jury at issue" (Dkt.

---

[4] Waiver of Luis Caban, attached as Exh. 2 to Stamell Decl. Additionally, Mr. Diaz has also executed a notarized waiver forgoing the protection of Section 160.50. Waiver of Walter Diaz, attached as Exh. 1 to Stamell Decl.

No. 29, ¶10). Third, the District Attorney argues that Mr. Diaz's "request is overbroad and non-specific" as it "would encompass clearly privileged material". (Dkt. No. 29, ¶7.)

On May 22, 2014, the Court ordered the parties to show cause why it should not stay consideration of the District Attorney's Motion pending Mr. Diaz's application to the state court that supervised the grand jury.

II.   THE COURT SHOULD NOT STAY THE MOTION BECAUSE MR. DIAZ DOES NOT SEEK TO ENFORCE THE SUBPOENA AS TO THE GRAND JURY TESTIMONY

At the time he served his subpoena, Mr. Diaz was unaware that the District Attorney possessed the grand jury testimony. At the May 14, 2014 status conference in this action, Mr. Diaz, through his attorneys, informed the Court that he would seek the grand jury testimony in the first instance from the state court.[5] Accordingly, Mr. Diaz has moved the Erie County Supreme Court, which empanelled the grand jury in his criminal case, to unseal the grand jury testimony for limited disclosure in this action.[6] Because Mr. Diaz does not at this stage seek the grand jury testimony from the District Attorney through the Subpoena at issue, it is unnecessary to stay consideration of the Motion at this time.

---

[5] Grand jury testimony may not be disclosed "except . . . upon written order of the court", N.Y. Crim. Proc. Law § 190.25 (McKinney), and, as a matter of comity, a party seeking disclosure of grand jury testimony should "first make [an] application to the state court that supervised the grand jury at issue". *Lehman v. Kornblau,* 206 F.R.D. 345, 349 (E.D.N.Y. 2001).

[6] Mot. for Limited Disclosure of Grand Jury Mins., *In re Appl. of Walter Diaz, a/k/a Eric Rogers, To Open Grand Jury Proceedings in People v. Eric Rogers and Luis Caban (ECDA No. 01373-2012)* (N.Y. Sup. Ct. Erie Cnty.), No. 805626/2014, filed June 2, 2014, attached as Exh. 4 to Stamell Decl.; Mem. in Supp. of Mot. for Limited Disclosure of Grand Jury Mins., attached as Exh. 5 to Stamell Decl.; Aff. of Kate F. Stamell in Supp. of Mot. for Limited Disclosure of Grand Jury Mins., attached as Exh. 6 to Stamell Decl.

III.   **THERE IS NO OTHER BASIS TO STAY THE MOTION WITH RESPECT TO ANY OTHER DOCUMENTS IN THE DISTRICT ATTORNEY'S FILES**

Having dispensed with the only issue that could warrant delay here, the District Attorney's Motion should be denied. This Court has both the power and responsibility to manage its docket in a manner that promotes expeditious discovery. *See Hoyle v. Diamond, et al.*, No. 08-CV-00347(JTC)(JJM), 2014 U.S. Dist. LEXIS 38623, at *3-4 (W.D.N.Y. Feb. 11, 2014) (citing *In re World Trade Center Disaster Site Litigation*, 722 F.3d 483, 497 (2d. Cir. 2013)); *see generally* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). The Subpoena, which seeks "[a]ny and all Documents in the possession, custody, or control of the District Attorney concerning *People v. Eric Rogers* (DOB: 2/12/1972), ECDA File No. 01373-2012", encompasses more than just the grand jury testimony from the criminal proceeding. The Court should not delay the parties from adjudicating the Motion on the merits with respect to all other discoverable documents in the possession, custody, or control of the District Attorney concerning *People v. Eric Rogers*, and should order the District Attorney to produce such other documents. The District Attorney's remaining objections to the Subpoena are unavailing.

A.   Section 160.50 Does Not Preclude Discovery to the Accused

Contrary to what the District Attorney asserts in the affidavit supporting its Motion (Dkt. No. 29, ¶4), CPL § 160.50 does not bar production of documents relating to the criminal proceeding against Mr. Diaz *to Mr. Diaz himself*. Section 160.50 explicitly provides for the production of "all official records and papers" relating to a criminal proceeding terminated in favor of the accused to "the person accused or to such

5

person's designated agent". N.Y. Crim. Proc. Law § 160.50(1)(c)-(d) (McKinney). Courts interpreting Section 160.50 confirm that the "official records and papers" contemplated by the statute may be obtained through a subpoena. *See Lehman*, 206 F.R.D. at 347. To the extent that Mr. Caban's privacy interests are at issue, Mr. Caban has provided the District Attorney with a notarized waiver foregoing the protection of Section 160.50. The District Attorney has failed to identify any other privacy interests or policy considerations that might militate in favor of non-disclosure. *See Woodard v. City of New York*, 99 CV 1123(ILG), 2000 WL 516890, at *5 (E.D.N.Y. Mar. 10, 2000). Thus, Section 160.50 does not bar production of the documents requested in the Subpoena.[7]

    B.    <u>The District Attorney's Privilege Claims Are Premature</u>

The District Attorney's claim that the Subpoena is "overbroad and non-specific" because it may encompass "privileged material", including attorney work product, is premature. (*See* Dkt. No. 29, ¶ 7.) The District Attorney has neither submitted a privilege log nor offered to submit allegedly privileged materials to the Court for *in camera* review. Without such a showing, there is no way for Mr. Diaz or the Court

---

[7] Section 160.50 is not binding on this Court as "New York state law does not govern discoverability and confidentiality in federal civil rights actions". *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). "[I]n the spirit of comity", however, federal courts do consider "the policy interests embodied in state privileges . . . to the extent that they can be reconciled with federal policy interests and the discovery needs of federal civil rights litigants." *Haus v. City of New York*, No. 03 Civ. 4915, 2006 WL 3375395, at *2 (S.D.N.Y. Nov. 17, 2006). Section 160.50 was designed to protect the privacy interests of a former accused. *Harper v. Angiolillo*, 89 N.Y.2d 761, 766 (1997). But, such privacy concerns are weak here given the waivers executed by Messrs. Diaz and Caban, and given that Mr. Diaz has put the information from the criminal proceedings into issue by filing his federal civil action. *See Green v. Montgomery*, 219 F.3d 52, 57 (2d Cir. 2000). Any additional privacy concerns may be redressed by applying the Stipulated Protective Order (Dkt. No. 27).

to assess the District Attorney's privilege claims.  The District Attorney should promptly produce all documents requested by the Subpoena that are not privileged, along with a privilege log.  *See Lehman*, 206 F.R.D. at 350 (ordering non-parties subpoenaed by plaintiff to submit any claimed privileged documents "to the court for *in camera* review, along with the privilege logs and memoranda of law").  Mr. Diaz reserves the right to challenge any privilege claims asserted by the District Attorney, should such claims be made in an appropriate privilege log.

IV.    CONCLUSION

For the reasons stated herein, the Court should not hold the District Attorney's Motion in abeyance with respect to the documents requested in Mr. Diaz's Subpoena concerning *People v. Eric Rogers* in the possession, custody, or control of the District Attorney.

Date: June 2, 2014					Respectfully submitted,

   */s/ Kate F. Stamell*

Yonatan Even
Kate F. Stamell
Kimberly M. Jeffers
CRAVATH, SWAINE & MOORE LLP
   Worldwide Plaza
      825 Eighth Avenue
         New York, NY 10019
            (212) 474-1000

*Attorneys for Plaintiff Walter Diaz,
a/k/a Eric Rogers*