**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

WALTER DIAZ,

    Plaintiff,

    v.

SUPERINTENDENT D. ARTUS, et al.,

    Defendants.
_____

13-CV-021-RJA-JJM
**DECISION AND ORDER**

On October 12, 2016, Magistrate Judge McCarthy issued a Decision and Order (Docket No. 165) granting the New York State Office of the Attorney General (OAG)'s motion to withdraw as counsel for all Defendants in this case due to a conflict of interest. Judge McCarthy granted the OAG's motion after reviewing, *in camera*, the confidential declaration of Assistant Attorney General (AAG) Christopher Boyd (Docket No. 161); AAG Boyd's supplemental confidential declaration; and, relevant here, the documents underlying the OAG's motion. *See* Docket Nos. 159 and 161. The OAG's conflict arose after a State agency sent the OAG documents responsive to the Plaintiff's discovery demands. The OAG produced those documents to the Plaintiff. Several of those documents, however, led the OAG to conclude that it had a conflict of interest, necessitating its motion to withdraw.

Of the documents the OAG has produced to the Plaintiff in discovery, the Plaintiff does not know which documents gave rise to the OAG's conflict. To help him decide whether to appeal Judge McCarthy's Decision and Order, the Plaintiff now seeks an

1

order directing the OAG to identify "all documents previously produced, and that are the predicate of the asserted conflict."[1]

The Plaintiff is not entitled to such an order.  As Judge McCarthy noted, and as Local Civil Rule 83.2(d) contemplates, "the proper practice in applying for an order relieving [an attorney] of responsibility in a case is to serve opposing counsel with a 'bare bones' notice of motion, but being careful to submit the supporting documents to the trial court for inspection *in camera*."  *Ficom Int'l, Inc. v. Israeli Export Inst.*, No. 87 Civ. 7461 (CSH), 1989 WL 13741, at *2 n.1 (S.D.N.Y. Feb. 10, 1989).  The reason for this requirement is obvious: it "preserve[s] the confidentiality of the attorney-client relationship between a party and its counsel."  *Team Obsolete Ltd. v. A.H.R.M.A. Lt.*, 464 F. Supp. 2d 164, 166 (S.D.N.Y. 2006).

The OAG's withdrawal motion does not involve privileged communications or confidential information, as that term is defined in New York Rule of Professional Conduct 1.6(a).  But the reason why privileged or confidential matters are typically sealed is the same reason why the Court will not order the OAG to identify the documents giving rise to its conflict: doing so would put the AAGs who worked on this case in the ethically untenable position of divulging their work product.  The Plaintiff is correct that the documents themselves are not protected by the work-product doctrine.  But *identifying* the documents at issue in the OAG's conflict analysis would give the Plaintiff a view into the OAG's "legal theories," its "strategy," its "mental impressions,"

---

[1] The parties dispute whether Judge McCarthy has decided this issue.  Judge McCarthy's Decision and Order does not expressly address the issue, but it does conclude that AAG Boyd's confidential declaration, which identifies the documents giving rise to the OAG's conflict, must remain under seal.  Docket No. 165 at 2.  Making AAG Boyd's declaration public would have the same effect as forcing the OAG to identify the documents giving rise to its conflict.  The Court therefore believes that Judge McCarthy did decide the issue the Plaintiff raises.

and its "personal beliefs" regarding this case. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). An attorney's mental processes "analyzing the legal aspects of a case are sacrosanct." *Newmarkets Ptrs, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 102 (S.D.N.Y. 2009). This is why "[f]orcing an attorney" to disclose his or her work product "is particularly disfavored." *Upjohn Co. v. United States*, 449 U.S. 383, 687 (1981). Although the Plaintiff does not seek, for instance, an OAG memorandum outlining its legal strategy, granting the Plaintiff's request would still require the AAGs who handled this case to tell the Plaintiff what they believe to be the most legally-troubling documents implicating their former clients; the AAGs' "thoughts, heretofore inviolate, would not," then, "be [their] own." *Hickman*, 329 U.S. at 393-94. This type of "opinion work product receive[s] special protection not accorded factual material." *United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998) (citations omitted). *Cf.* Fed. R. Civ. P. 26(b)(3)(B). The Plaintiff offers no reason why the Court should violate this protection.

The Plaintiff's request for an order directing the OAG to identify the documents underlying its conflict is therefore denied. If the Plaintiff still wishes to appeal Judge McCarthy's Decision and Order granting the OAG's motion to withdraw, the Plaintiff must do so within seven days of the date of this Decision and Order.

**SO ORDERED.**

Dated: November 10, 2016                     _s/Richard J. Arcara_
    Buffalo, New York                          HONORABLE RICHARD J. ARCARA
                                                                 UNITED STATES DISTRICT JUDGE