UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WALTER DIAZ, 94-A-5053,
(a/k/a ERIC ROGERS),                                    **DECISION AND ORDER**

                      Plaintiff,              13-CV-00021-RJA-JJM

   v.

SUPERINTENDENT D. ARTUS, et al.,

                      Defendants.
_____

        Before me is plaintiff's motion [194] for reconsideration/*de novo* review of my January 23, 2017 Text Order [190], which issued following a conference with counsel on January 20, 2017 [189, 191]. For the following reasons, the motion is denied.

**ANALYSIS**

        In seeking *de novo* review, counsel argues that "going into the January 20, 2017 informal conference, it was Plaintiff's expectation that he would be given the opportunity to formally brief this issue before the Court ruled". Plaintiff's Memorandum of Law [194-1], p. 10 of 20. Under the circumstances, that expectation was not reasonable. By e-mail dated January 17, 2017 [195], I asked whether the parties wished to proceed informally, or whether formal motion practice would be necessary. No one indicated that formal motion practice would be required. At the outset of the January 20 conference, I stated that "everybody indicated that it would be appropriate to proceed by the informal conference method in lieu of a formal motion at this time. So that's what I will do" ([191], p. 4). Again, no one objected.

In fact, after I ruled that a further deposition of plaintiff would be allowed ([191], pp. 13 *et seq*.), counsel for plaintiff did not request an opportunity to formally brief the issue, but merely asked that I "clarify what the limitation on the deposition would be" (id., p. 17), which I proceeded to do, stating that "I think it's appropriate to allow new counsel to question the plaintiff to fill in the gaps with respect to their individual clients, but not to cover in detail and in general all the territory that's been covered before" (id., pp. 19-20). Had plaintiff truly believed that the January 20 conference was merely an informal "dry run", I would have expected to hear that during the conference, or at the latest on January 23, 2017, when my Text Order issued [190].

Nor do I see a basis to reconsider Text Order. In deciding whether to allow another deposition of a party, "[t]he Court has discretion to make a determination which is fair and equitable under all the relevant circumstances". Ganci v. U.S. Limousine Service, Ltd., 2011 WL 4407461, *2 (E.D.N.Y. 2011). For the reasons already discussed [191], I believe that I have done so. A party seeking reconsideration must "point[ ] to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court". Plaintiff's Memorandum of Law [194-1], p. 11 of 20 (*quoting* Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995)). None of the arguments now advanced by plaintiff would lead me to change my mind.

## CONCLUSION

For these reasons, plaintiff's motion [194] is denied, and his deposition shall proceed as previously ordered [190].

Dated: February 3, 2017

                                        <u>/s/ Jeremiah J. McCarthy</u>
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge