UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WALTER DIAZ a/k/a
ERIC ROGERS,

                          Plaintiff,

v.                                      **DECISION, ORDER AND NOTICE**
                                                      13-CV-21-A

SUPERINTENDENT D. ARTUS. et al.,

                          Defendants.

---

       This prisoner's civil rights case is brought by the plaintiff, Walter Diaz, to assert two primary claims under 42 U.S.C. § 1983 that his constitutional rights were violated by staff of the Wende Correctional Facility ("Wende"): first, that plaintiff was retaliated against by the defendants for complaining about being mistreated by corrections officers; and, second, that plaintiff was assaulted by the defendants on March 22, 2012, and the Superintendent at Wende is also responsible for the assault even though the Superintendent did not participate in the assault by corrections officers. Dkt. No. 71.

       The case was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. On May 9, 2018, after the close of pretrial discovery and dispositive motions were filed, the Magistrate Judge filed a Report and Recommendation recommending that summary judgment pursuant to Fed. R. Civ. P 56(a) be granted in part, and denied in part, as follows:

               (a) granted in favor of all defendants and against plaintiff Diaz on plaintiff's claim that the defendants unconstitutionally retaliated against him for his complaints about mistreatment

by assaulting him on March 22, 2012, and by taking certain actions to cover up the assault, on the ground that plaintiff failed to exhaust available administrative grievance procedures as required by 42 U.S.C. § 1997e(a);

(b) granted in favor of defendants Robert Michienzi, Gloria Barlow-Harper and James Myers on the plaintiff's claim that the defendants unconstitutionally retaliated against the plaintiff for complaints about mistreatment by corrections officers on the ground that there is insufficient evidence that these particular defendants knew of his complaints and that there is, therefore, insufficient evidence these defendants acted against him *because* of his complaints;

(c) denied on the defendants' argument that the *Heck*[1] doctrine bars the plaintiff's retaliation claim;

(d) denied on defendant Myers' arguments (i) that he used only *de minimis* force against plaintiff on March 22, 2012, and cannot therefore have used excessive force during the alleged assault of the plaintiff, and (ii) that the defendant failed to intervene to protect plaintiff during the assault by others;

(e) granted on defendant Barlow-Harper's argument that she did not fail to intervene to protect the plaintiff during the assault by others;

(f) granted in favor of defendant Artus on the ground that he lacked sufficient personal involvement in any retaliatory acts, including the assault, to be liable, and because he did not maintain a *de facto* policy allowing officers to assault and retaliate against prisoners at Wende.

*See* Dkt. No. 259. The parties' objections to the Report and Recommendation are presently before the Court.

The Court reviews the findings and conclusions of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). To the extent that a party makes

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

a timely and specific objection to a magistrate judge's report and recommendation, the standard of review is *de novo*. *Id*.

In addition, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Accordingly, in order to address in the first instance potentially meritorious issues, the Court also reviews unobjected-to findings or recommendations in a report and recommendation by the clear error and manifest injustice standards of review, which are the standards that govern the Court of Appeals' discretionary review of forfeited issues and legal issues that require no fact finding. *See Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016).

The Court has found oral argument of the parties' objections to the Report and Recommendation unnecessary. The Court assumes the parties' close familiarity with all the issues before the Court and provides only enough explanation in this Decision, Order and Notice to describe its findings, conclusions, and directions to the parties.

**I. Retaliation--Failure to Exhaust.** With respect to the recommendation of the Magistrate Judge to grant summary judgment pursuant to Fed. R. Civ. P. 56(a) against plaintiff Diaz on his § 1983 claim that the defendants retaliated against him for complaining about mistreatment by taking various actions under color of law, the Court does not adopt the recommended finding that plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a), and does not adopt the recommendation to grant summary judgment in favor of the defendants on this claim. Dkt. No. 259, pp. 5-8. Plaintiff's Grievance Number WDE-36319-12 concerning the

alleged assault by corrections officers on March 22, 2012, seems clearly to have led to exhaustion of plaintiff's claim that he was assaulted in retaliation for complaining about mistreatment by corrections officers. The administrative process with respect to this grievance began with plaintiff's March 25, 2012 letter describing the assault and his retaliation theory and that letter was amended by an April 10, 2012 letter. Dkt. Nos. 223-45, 223-52. It continued with the disposition of Superintendent Artus' review dated April 26, 2012, Dkt. No. 223-44, and concluded, for § 1997e(a) exhaustion purposes, with the September 26, 2012 response of the Central Office Review Committee of the Department of Corrections and Community Supervision to plaintiff's appeal of the prior dispositions. Dkt. No. 223-42; *see e.g.*, *Nelson v. Deming*, 140 F.Supp.3d 248, 264-66 (W.D.N.Y. 2015). Because plaintiff therefore seems to have admissible evidence that he did exhaust a claim that he was assaulted on March 22, 2012 in retaliation by defendants under color of law for complaints of mistreatment, the Court does not adopt the recommendation to grant summary judgment on plaintiff's retaliation claim based upon the defendants' affirmative defense pursuant to 42 U.S.C. § 1997e(a).[2]

The Magistrate Judge concluded plaintiff Diaz failed to exhaust his retaliation

---

[2] The Court gives Fed. R. Civ. P. 56(f)(3) notice below that it will consider summary judgment in plaintiff Diaz's favor that this central claims were exhausted under 42 U.S.C. § 1997e(a). Plaintiff seems also to have exhausted a claim that he was deprived of property and harassed in retaliation under color of law for his having complained of mistreatment on March 19, 2012, three days before the alleged retaliatory assault. Dkt. No. 223-35; *see id*. 223-33, and 223-32 (grievance WDE-36274-12); *see* Dkt. Nos. 223-36, 223-40, 223-38 (claim of abuse of authority on March 14, 2012 five days before the claim of retaliation on March 19, 2012).

claim by finding that other specific alleged retaliatory acts by various defendants — exclusive of the allegedly retaliatory assault of the plaintiff — were not raised by plaintiff during administrative proceedings. Dkt. No. 259, pp. 5-8; *but see* Dkt. No. 71, pp. 4-8, ¶¶ 19-40; Dkt. No. 222, p. 6, ¶¶ 15-16; pp. 97-98, ¶¶ 74-79; Dkt. No. 258, pp. 20-23. Excluding consideration of the assault, the Magistrate Judge concluded the following specific allegations that certain defendants retaliated against plaintiff after the assault are unexhausted:

> knowingly filing a false Inmate Misbehavior Report, knowingly providing false or misleading testimony before the Tier III Hearing, and knowingly providing false or misleading testimony to the Erie County Grand Jury

*Compare* Dkt. No. 259, p. 5, *with* Dkt. No. 71, ¶ 64. But it is clear that a failure to administratively exhaust these additional allegations of retaliation does not warrant summary judgment for a failure to exhaust the entire retaliation claim because, for the reasons stated above, the retaliation claim was exhausted at least as to the allegedly retaliatory assault. *Jones v. Bock*, 549 U.S. 199, 219-24 (2007).

Moreover, because plaintiff Diaz raises fact issues whether false-report and false-testimony acts by defendants to retaliate against him were part of an effort to thwart the processing of his administrative grievance that he suffered a retaliatory assault, *see* Dkt. No. 222, pp. 94-102, ¶¶ 57-107, it is not clear as a matter of law that the exhaustion requirement even applies to specific claims based upon these acts. *See Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016). Dead end administrative grievance procedures are not subject to the § 1997e(a) exhaustion requirement. 136 S.Ct. at 1859. If officials made administrative relief functionally unavailable to plaintiff

5

by specific post-assault threats, *see* Dkt. No. 222, p. 92, ¶ 50 (citing Dkt. No. 223-45, p. 4)*; see e.g., Galberth v. Durkin*, 2016 WL 3910270, at *3 (N.D.N.Y. 2016), or by a concerted effort to cover-up a defendant's actions to retaliate against plaintiff for plaintiff's complaints of mistreatment by lying and making false reports, the defendants' failure-to-exhaust affirmative defense will fail[3]. 136 S.Ct. at 1859-60. The Court finds plaintiff has raised triable issues of material fact with respect to the availability of the administrative remedy for the alleged acts of retaliation after the assault of plaintiff. For all of these reasons, summary judgment in the defendants' favor pursuant to Fed. R. Civ. P. 56(a) on their failure-to-exhaust affirmative defense is denied.

**II. Retaliation--Lack of Knowledge of Complaints.** The Magistrate Judge recommended that the Court find that defendants Michienzi, Barlow-Harper and Myers could not be found to be liable for the assault of plaintiff Diaz in retaliation under color of law for his complaints about mistreatment by corrections officers, Dkt. No. 259, pp. 8-11, because there is insufficient evidence that these particular defendants actually knew of his complaints. That recommendation presumed that the only actionable retaliation against plaintiff is the portion of the alleged assault that occurred in D-Block at Wende. There are triable issues of fact whether each defendant further retaliated

---

[3] Because some defendants' allegedly false testimony before a Grand Jury investigating the assault was secret until after this action was filed, plaintiff could not have invoked the administrative grievance process to claim the false testimony was retaliatory before commencing the action without engaging in speculation that some of the testimony was false. Under these circumstances, it is not clear as a matter of law that the administrative grievance process was functionally available to the defendant.

by participating in efforts to thwart the administrative grievance process, and those additional acts may therefore be actionable even absent administrative exhaustion. *See Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016). Summary judgment pursuant to Fed. R. Civ. P. 56(a) in favor of defendants Michienzi, Barlow-Harper and Myers on plaintiff's retaliation claim is therefore denied.

      **III. A *Heck v. Humphrey*[4] Bar to the Claims**. The Court adopts the findings and conclusions in the Report and Recommendation on this argument of the defendants, Dkt. No. 259, pp. 11-12, and the defendants' motion for partial summary judgment on the retaliation claim pursuant to Fed. R. Civ. P. 56(a) is denied for the reasons stated by the Magistrate Judge. *Id*.

      **IV. Defendant Myers' Use of Force and Failure to Protect.** The Court adopts the findings and conclusions in the Report and Recommendation on the argument of defendant Myers that he used only *de minimus* force to restrain plaintiff Diaz and that he did violate his duty to intervene to protect plaintiff. Dkt. No. 259, pp. 12-17. Defendant Myers' motion for summary judgment on the assault claim pursuant to Fed. R. Civ. P. 56(a) is denied for the reasons stated by the Magistrate Judge. *Id*.

      **V. Defendant Barlow-Harper's Failure to Protect.** The Court finds that plaintiff Diaz has raised triable issues of material fact whether defendant Barlow-Harper could have intervened to protect the plaintiff at various points of time during the allegedly lengthy assault in D-Block, or later, when she may have seen and heard the assault continuing in the infirmary at Wende. Dkt. No. 222, pp. 89-92, ¶¶ 33-49.

---

    [4] 512 U.S. 477 (1994).

Accordingly, the Court does not adopt the findings and conclusions in the Report and Recommendation with respect to defendant Barlow-Harper's motion for summary judgment pursuant to Fed. R. Civ. P. 56(a) in her favor on a failure-to-protect theory and denies her motion for partial summary judgment on this ground.

**VI. Defendant Artus' Lack of Personal Involvement and his *De Facto* Policy Allowing Assaults and Retaliation.**

The Court adopts the findings of the Magistrate Judge that plaintiff Diaz raises no triable issues of fact sufficient to merit trial involving defendant Artus' having a direct role in the alleged assault of plaintiff. Dkt. No. 259, pp. 17-23. Defendant Artus was not present or otherwise directly involved during the March 22, 2012 assault.

However, the Court does not adopt the recommendation to grant summary judgment on the claim that defendant Artus maintained a *de facto* policy permitting officers' assaults and retaliation against prisoners who complained of mistreatment at the time of the events alleged by plaintiff Diaz. Although the defendant became the Superintendent of Wende when he was assigned there on August 22, 2011, approximately seven months before the alleged assault and cover-up, admissible Department of Correctional Services records combined with available witness testimony create triable issues of fact.

Moreover, there are triable issues of fact whether defendant Artus was personally involved in thwarting the administrative grievance process after the assault, and thereby personally involved in continuing retaliation against plaintiff Diaz for plaintiff's complaints of mistreatment by corrections officers. Dkt. No. 222, pp. 94-96,

¶¶ 57-72.  Accordingly, summary judgment in favor of defendant Artus pursuant to Fed. R. Civ. P. 56(a) is partially denied as described above, but is granted with respect to any claim that he was directly involved in the assault.

**VII.  Further Proceedings and Rule 56(f)(3) Notice.**  Before May 17, 2019, the parties shall confer about their availability for a bench trial pursuant to Fed. R. Civ. P. 42(b) of the defendants' failure-to-exhaust affirmative defenses under 42 U.S.C. § 1997e(a).  See Messa v. Goord, 652 F.3d 305, 309-310 (2d Cir. 2011); see e.g., Adams v. O'Hara, 2019 WL 652409 (N.D.N.Y. 2019).

Further, pursuant to Fed. R. Civ. P. 56(f)(3), the Court hereby notifies the parties that the Court intends to consider granting partial summary judgment to plaintiff Diaz with respect to the defendants' failure-to-exhaust affirmative defenses under 42 U.S.C. § 1997e(a).  On or before May 17, 2019, the defendants shall file statements whether the following facts are disputed or undisputed:

1.  The documents at Dkt. Nos. 223-42, 223-45, 223-52, and 223-44 are each fair and accurate copies of records related to plaintiff Diaz's grievance WDE-36319-12.

2.  The documents at Dkt. Nos. 223-35, 223-33, and 223-32 are each fair and accurate copies of records related to plaintiff's grievance WDE-36344-l2.

If defendants dispute any of the facts referenced in the preceding two paragraphs, they shall provide the Court with a proffer of the admissible evidence and governing law upon which they rely to dispute any facts relevant to the authenticity of each of the documents.

9

On or before May 17, 2019, the defendants shall show cause why the Court should not grant partial summary judgment pursuant to Fed. R. Civ. P. 56(a) and 56(f)(3) in favor of plaintiff Diaz on the defendants' 42 U.S.C. § 1997e(a) exhaustion affirmative defenses as follows:

1. Plaintiff exhausted the claim in grievance WDE-36319-l2 that he was assaulted on March 22, 2012 by prison officials acting under color of law.

2. Plaintiff exhausted the claim in grievance WDE-36319-l2 that the alleged assault on March 22, 2012 by prison officials was retaliation under color of law for complaints plaintiff had made of being mistreated.

3. Plaintiff exhausted the claim in grievance WDE-36344-l2 that he was deprived of property and harassed by a prison official or prison officials on March 19, 2012, and that the officials were acting under color of law in retaliation for complaints plaintiff had made of being mistreated.

Plaintiff shall respond to the defendants' May 17, 2019 filings on or before May 24, 2019. Defendants' shall reply on or before May 29, 2019.

Counsel shall appear for a status conference, for oral argument of the issues raised in the Court's Fed. R. Civ. P. 56(f)(3) notice, and to set dates for further proceedings, including commencement of a bench trial pursuant to Fed. R. Civ. P. 42(b) of the defendants' remaining failure-to-exhaust affirmative defenses under 42 U.S.C. § 1997e(a) on June 3, 2019 at 1:30 p.m.

## CONCLUSION

For the reasons stated above, the motions for summary judgment pursuant to Fed. R. Civ. P. 56(a) of defendants Myers (Dkt. No. 207), and Barlow-Harper (Dkt. No. 208) are denied; the motion of for summary judgment of defendant Artus (Dkt. No. 206) is granted in part and denied in part as specified above; and the motions for partial summary judgment of defendants Michienzi (Dkt. No. 203) and McCann (Dkt. No. 205) are denied. The Report and Recommendation (Dkt. No. 259) is adopted in part and rejected in part as specified above.

**IT IS SO ORDERED.**

      __s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: May 3, 2019